IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
C.B.M.,                          :
                                 :
         Petitioner,             :
                                 :
v.                               :   CASE NO. 4:19-CV-44-CDL-MSH
                                 :          28 U.S.C. § 2241
WARDEN, STEWART DETENTION        :
CENTER, et al.,                  :
                                 :
         Respondents.            :
_____
```

# **O R D E R**

Pending before the Court is Petitioner's application for habeas corpus relief (ECF No. 1). The Court previously granted Respondents' motion to dismiss (ECF No. 8) and entered judgment dismissing the petition. Order and R. & R. 8, July 8, 2019, ECF No. 16, *recommendation adopted by* Order 1, Aug. 30, 2019, ECF No. 30; Judgment, ECF No. 31. Petitioner appealed. Notice of Appeal, ECF No. 34. On February 20, 2020, the United States Court of Appeals for the Eleventh Circuit dismissed the appeal as moot due to Petitioner's removal from the country and release from detention. Mandate 1, ECF No. 46. The Eleventh Circuit also vacated this Court's Order of dismissal (ECF No. 30) pursuant to *Soliman v. U.S. ex rel INS*, 296 F.3d 1237 (11th Cir. 2002). *Id.* at 1-2. Pursuant to the Eleventh Circuit's mandate, the judgment of dismissal (ECF No. 31) previously entered in this case is also vacated.

Petitioner's removal from the country, however, renders his petition moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. Pet. 7, ECF No. 1. Petitioner has been removed from the country and is no longer in Respondents' custody. Mandate 1. Because the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336. Petitioner's application for habeas corpus relief (ECF No. 1), therefore, is dismissed.

SO ORDERED this  21st   day of February, 2020.

/s/Clay D. Land
CLAY D. LAND, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA